**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-22602-RAR**

**NANETTE DALFINO,**

      Plaintiff,

v.

**CARNIVAL CORPORATION,**

      Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, files its

Answer and Affirmative Defenses to Plaintiff's Amended Complaint [ECF No. 11], and states as

follows*:

**ANSWER**

**GENERAL ALLEGATIONS**

1.     Admitted Plaintiff seeks damages in excess of $75,000, denied as to entitlement to same.

2.     Admitted for purposes of this litigation only that jurisdiction is proper.

3.     Without knowledge, therefore denied.

4.     Admitted for purposes of this litigation only that jurisdiction is proper.

5.     Admitted for purposes of this litigation that Carnival may be deemed the operator of the *Carnival Venezia*.

6.     Denied as phrased.

7.     Denied as phrased.

8.     Denied.

1

9.      Admitted Plaintiff was lawfully aboard the vessel on June 12, 2024.

10.     Admitted.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge, therefore denied.

24.     Admitted.

25.     Without knowledge, therefore denied.

26.     Denied.

27.     Denied as phrased.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied as phrased.

37.     Denied as phrased.

38.     Denied, including subparts (a) through (f).

39.     Denied.

40.     Denied.

41.     Denied as phrased.

42.     Denied as phrased.

43.     Denied.

44.     Denied.

45.     Denied.

### <u>COUNT I – NEGLIGENT FAILURE TO MAINTAIN</u>

Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

46.     Admitted Defendant owes a duty of reasonable care.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Admitted Defendant owes a duty of reasonable care.

53.     Denied, including subparts (a) through (j).

54.     Denied.

## COUNT II – NEGLIGENT FAILURE TO CORRECT

Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

55.     Admitted Defendant owes a duty of reasonable care.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied, including subparts (a) through (j).

62.     Denied.

## COUNT III – NEGLIGENT FAILURE TO WARN

Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

63.     Admitted Defendant owes a duty of reasonable care.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied, including subparts (a) through (c).

75.     Denied.

### COUNT IV – NEGLIGENT TRAINING OF PERSONNEL
Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

76.     Admitted Defendant owes a duty of reasonable care.

77.     Denied.

78.     Denied.

79.     Denied as phrased.

80.     Denied as phrased.

81.     Denied as phrased.

82.     Denied.

83.     Denied as phrased.

84.     Denied as phrased.

85.     Denied as phrased.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied as phrased.

100.  Denied as phrased.

101.  Denied.

102.  Denied.

103.  Denied.

## COUNT V – NEGLIGENT MAINTENANCE

Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

104.  Admitted Defendant owes a duty of reasonable care.

105.  Denied as an incomplete and improper legal conclusion.

106.  Denied.

107.  Denied, including subparts (a) through (f).

108.  Denied.

109.  Denied.

## COUNT VI – NEGLIGENT FAILURE TO WARN OF HAZARD

Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

110.  Admitted Defendant owes a duty of reasonable care.

111.  Denied as an incomplete and improper legal conclusion.

112.  Denied.

113.    Denied, including subparts (a) through (c).

114.    Denied.

115.    Denied.

## COUNT VII – NEGLIGENT FAILURE TO CORRECT
Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

116.    Admitted Defendant owes a duty of reasonable care.

117.    Denied as an incomplete and improper legal conclusion.

118.    Denied.

119.    Denied, including subparts (a) through (d).

120.    Denied.

121.    Denied.

## COUNT VIII – NEGLIGENT DESIGN
Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

122.    Admitted Defendant owes a duty of reasonable care.

123.    Denied as phrased.

124.    Denied.[1]

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied, including subparts (a) through (c).

129.    Denied, including subparts (a) through (f).

130.    Denied.

---

[1] Plaintiff's Amended Complaint is misnumbered beginning at paragraph 124. Defendant uses corrected numbering for the remainder of this pleading.

131.    Denied.

132.    Denied.

133.    Denied.

## COUNT IX – GENERAL NEGLIGENCE

Defendant realleges its responses to paragraphs 1 through 45 as though fully set forth herein.

134.    Admitted Defendant owes a duty of reasonable care.

135.    Denied, including subparts (a) through (j).

136.    Denied.

137.    Denied.

138.    Denied.

*  Any allegation not specifically admitted to is hereby denied, including the damages sought in the wherefore clause.

### AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, Carnival states as follows:

A.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage. Specifically, medical records to be obtained in discovery may indicate Plaintiff did not seek out medical treatment in a reasonable amount of time or did not follow the advice of her doctors.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the incident.

F.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

G.      The allegedly dangerous condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

H.      The Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed,

9

amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

I.      General maritime law applies to Plaintiff's claims.

J.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

K.      Plaintiff's claims are a fraud in whole or in part.

L.      This action is governed by and subject to the terms, limitations, and conditions contained within the Plaintiff's Passenger Ticket Contract.

**\* Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.**

Dated: September 12, 2025

Respectfully submitted,

/s/ Walter Cooper Jarnagin

Michael J. Drahos
Florida Bar No. 0617059
Michael.Drahos@Gray-Robinson.com

W. Cooper Jarnagin
Florida Bar No. 117767
Cooper.Jarnagin@Gray-Robinson.com

Ashley Genoese
Florida Bar No. 1019357
Ashley.Genoese@Gray-Robinson.com

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33140
Telephone: (561) 268-5727
Attorneys for Defendant

10