UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22602-RUIZ/Louis

NANNETTE DALFINO,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for partial summary judgment[1] on claims made within Plaintiff's Amended Complaint [ECF No. 11], and states as follows:

### I.      INTRODUCTION

Cruise ship passenger Nannette Dalfino ("Plaintiff") alleges she fell while descending an interior carpeted staircase onboard the Carnival *Venezia*, on June 12, 2024. [ECF No. 11]. She alleges the staircase had a raised anti-slip rubber strip nosing, compounded by liquid on or near the stair, which caused her fall. *Id.* at ¶¶18-20. Within her nine-count Amended Complaint, she claims, *inter alia*, her fall was due to Carnival's direct negligence in failing to maintain, correct, and warn of the allegedly dangerous condition (I-III), Carnival's negligent training of personnel

---

[1] A Statement of Material Facts That Are Not in Dispute accompanies this motion, and references to it will follow the format "SOF ¶ __."

(IV), Carnival's vicarious liability in failing to maintain, correct, and warn of the allegedly dangerous condition (V-VII), negligent design (VIII), and general negligence (IX). *Id.*

At this stage, Plaintiff has failed to present any evidence that Carnival failed to implement or operate a training program which proximately caused Plaintiff's fall, thus warranting summary judgment on Count IV. Additionally, Carnival is entitled to summary judgment on Plaintiff's allegations based upon a negligent mode of operation theory in Counts I, II, and IX as such a theory is not recognized in maritime law. Further, Plaintiff has not shown through evidence that Carnival actually knew of the alleged raised rubber nosing and/or liquid near the stair, prior to her fall, thus summary judgment is warranted on the "actual notice" allegations of her direct liability claims in Counts I, II, III, IV, VIII, and IX.

## II.   LEGAL STANDARD

### a.   Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

### b.      General Maritime Law Applies

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322.

To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages.

*See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

### III.    ARGUMENT

**A.    Summary Judgment is Warranted on Negligent Mode of Operation Theory Claims for Counts I, II and IX Because Such a Theory is Not Recognized in Maritime Law**

In this case, Plaintiff seeks to hold Carnival liable for negligence based on a failure to implement and/or enforce adequate policies and procedures. These allegations constitute a theory of negligent mode of operation that is impermissible to prove negligence in maritime law, and this Court should therefore grant summary judgment on Counts I, II and IX on these alleged breaches.

"The basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition." *Nowak v. Carnival Corp.*, No. 24-24316-CIV, 2025 WL 57525, at *3 (S.D. Fla. Jan. 9, 2025) (citing *Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015)). "This theory of liability 'looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident.'" *Id*; *Figas v. Princess Cruise Lines, Ltd.*, No. 25-23279-CIV, 2025 WL 2694802, at *4 (S.D. Fla. Sept. 22, 2025)(dismissing impermissible negligent-mode-of-operation claim). According to the Eleventh Circuit, such a theory of negligence is "at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition." *Id* (citing *Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017)).

The Eleventh Circuit in *Malley*, discussed:

> A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business. In a Florida negligent mode of operation case, the plaintiff alleges that the company's policies are negligent. The court focuses on the company's general policies and operations, not on the specific incident in which the plaintiff was injured.
>
> No court has ever held that this claim exists in federal admiralty law. All of Plaintiff's citations are to Florida law cases. A basic attribute of a negligent mode of operation claim is at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition. Yet, a key feature of a Florida mode of operation claim is that the company need not have notice.

*Malley*, 713 F. App'x at 910 (citations omitted). The *Malley* court ultimately held that the plaintiff could not circumvent maritime law's notice requirement by alleging the shipowner's policies were negligent. *Id*; *see Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1297 (S.D. Fla. 2021) ("Plaintiff's claim that Carnival's procedures for maintaining door stoppers constitutes negligent maintenance, negligent failure to train, or negligent supervision is essentially an attempt to hold Carnival liable for having a negligent mode of operation ... However, it is well settled that general maritime law does not recognize a claim of negligence that is premised upon a company's general policies and operations."); *see also see also Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1312 (S.D. Fla. Aug. 20, 2021) (granting summary judgment as plaintiff cannot show that failure to implement policies and procedures is a recognized duty under federal maritime law or how this somehow caused his injuries).

*Kim v. Carnival Corp.*, 825 F. Supp. 3d 1325 (S.D. Fla. 2026) is instructive. In *Kim*, the Southern District of Florida recently addressed claims which sought to hold Carnival liable for claims for negligent policies. The Court opined that Plaintiff's claims of negligent protocols was actually "a negligent mode of operation claim in disguise" and granted summary judgment in favor of Carnival. *Id* at 1326; *see also Youngman v. Royal Caribbean Cruises, Ltd.*, 2023 WL 5206036 (S.D. Fla. Aug. 14, 2023) (court dismissed the plaintiff's claim with prejudice that sought to hold

cruise line liable with respect to its policies and procedures because a negligent mode of operation claim is foreclosed by Eleventh Circuit precedent); *Torrents v. Carnival Corp.*, 2022 WL 3154511, at *3 (S.D. Fla. Aug. 8, 2022) ("Claims for negligent mode of operation are not recognized in federal admiralty law."); *Quashen*, 576 F.Supp. 3d at 1304 (S.D. Fla. 2021) ("[I]t is well settled that general maritime law does not recognize a claim of negligence that is premised upon a company's general policies and operations"); *Stewart-Patterson v. Celebrity Cruises, Inc.*, 2012 WL 2979032, at *2 (S.D. Fla. July 20, 2012) (holding that a claim for negligent mode of operation that specific mode of operation selected by the premises owner resulted in the creation of a dangerous or unsafe condition is not cognizable under federal admiralty law); *Nowak v. Carnival Corp.*, 2025 WL 57525, at *3-4 (S.D. Fla. Jan. 9, 2025) ("[A]llegations describing a failure to create or follow adequate policies and procedures do not relate to the specific circumstances of a plaintiff's injury and are instead allegations of negligent mode of operation not recognized in the Eleventh Circuit.").

Plaintiff here attempts to hold Defendant liable for claims of negligence relying upon a negligent mode of operation theory for "failure to adopt" and "failure to promulgate and/or enforce…adequate policies and procedures." (Amend. Complaint, ¶¶53(h-i), 61(h-i), 134(e-g)). Courts within this Circuit have determined that allegations such as these are in fact negligent mode of operation theory claims in disguise and thus cannot be used as a premise for negligence. As such a theory is at odds with the notice requirement of maritime claims, they are impermissible. Thus as a matter of law, Plaintiff here cannot succeed in proving direct negligence against Carnival on this theory and Defendant is entitled to summary judgment on these claims.

**B.      Summary Judgment is Warranted on Count IV as There is No Identified Training Program Nor Evidence of Negligence that Proximately Caused Plaintiff's Fall**

Summary judgment should be entered on Count IV because Plaintiff fails to show through evidence that the failure to implement or operate a training program proximately caused her fall and damages.

"Negligent training occurs when an employer was negligent in the implementation or operation of [a] training program and this negligence caused a plaintiff's injury." *Lorello v. Carnival Corp.*, No. 25-CV-23914, 2025 WL 3088953, at \*5 (S.D. Fla. Nov. 5, 2025); *Doe v. NCL (Bahamas) Ltd.*, No.: 1:16-cv-23733-UU, 2016 WL 6330587 at \*4 (S.D. Fla. Oct. 27, 2016). "The plaintiff must provide factual allegations that establish 'how [the d]efendant was negligent in implementing or operating its training programs.' " *Id.*; *citing Walsh v. Carnival Corp.,* Case No. 20-cv-21454, 2020 WL 10936272, at \*5 (S.D. Fla. July 7, 2020); *Lirette v. Carnival Corp.*, No. 24-24035-CIV, 2025 WL 385572, at \*2 (S.D. Fla. Feb. 4, 2025); *see Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1269 (S.D. Fla. 2015) (concluding that to state a negligent training claim, a plaintiff "must identify a training program or policy and explain specifically how the [defendant] was negligent in implementing it").

*Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1305 (S.D. Fla. Dec. 17, 2021) is instructive. Ultimately, the *Quashen* court granted summary judgment on plaintiff's negligent training claim "because Plaintiff [] failed to adduce evidence that Carnival was negligent in the implementation or operation of [a] training program." *Id.* "Courts in this district have granted summary judgment as to negligent training claims where there was no training policy in place that was applicable to a particular risk." *Id.* at 1304; *Diaz v. Carnival Corp.*, No. 20-22755-CIV, 555 F.Supp.3d 1302, 1312 (S.D. Fla. Aug. 20, 2021) ("[T]hese causes of action require a showing that an employe[r] 'was negligent in the implementation or operation of [a] training program,' yet

Plaintiff admits that Carnival never provided any training to its employees in the operation of its motorized scooters.").

Similarly, Plaintiff here fails to adduce evidence that Carnival was negligent in the implementation or operation of a training program which would have prevented Plaintiff's fall. Specifically, Plaintiff here alleges that her fall was caused by a "raised nosing and an exposed gap/lip where the carpet meets the nosing of the staircase" and that the "subject stairway nosing was badly worn and had become raised and warped, causing the otherwise flush step edge to have a protrusion that constituted a tripping and slipping hazard, as it could easily catch the front of a passenger's shoe." (Amend. Complaint, ¶¶31-32). Notwithstanding, there is no evidence identifying a training program relating to a raised nosing or an exposed gap in the carpet, which if Carnival operated properly would have prevented Plaintiff's fall. Thus, Carnival cannot be held liable for negligent training.

Further, the absence of causation evidence is independently fatal to a negligence claim, including negligent training. *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1375 (S.D. Fla. 2002)(granting summary judgment on negligent hiring and training claim). "To state a claim of negligent training, Plaintiff must allege Defendant 'was negligent in the implementation or operation of the training program and the negligence cause[d] [his] injury.' " *Finch v. Carnival Corp.*, 701 F. Supp. 3d 1272, 1282 (S.D. Fla. Nov. 6, 2023) (*quoting Anders v. Carnival Corp.*, No. 23-21367-CIV, 2023 WL 4252426 at *4 (S.D. Fla. June 29, 2023); *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1306 (S.D. Fla. 2021) (granting summary judgment on negligent training claim for failure to show duty and causation).

Otherwise, Plaintiff has further not adduced any evidence showing that Carnival's negligence in implementing or operating a specific training program, caused her fall. In fact,

8

Plaintiff's testimony is wholly devoid of any evidence that she tripped on any part of the staircase including the nosing or any carpet gap that is the alleged dangerous condition. Notably, Plaintiff did not actually know what made her fall, continuing to insist that her foot "slid" or "slipped." She reported to the shipboard medical physician that she did not know what caused her fall: "After I went to the doctor's office, the doctor said did anything happen to make you fall? So I'm like, I don't know." (SOMF ¶ 14, Pl's Deposition, Tr. 46:10-46:18). Thus, as Plaintiff cannot establish that her fall was proximately caused by the negligent operation of a specific training program, Carnival is entitled to summary judgment on Count IV.

**C.      Summary Judgment is Warranted on Actual Notice for Counts I, II, III, IV, VIII, and IX Because Plaintiff Fails to Show Carnival Had Actual Notice of a Risk-Creating Condition**

In this case, Plaintiff has not demonstrated through evidence that Carnival had *actual* notice of any alleged wet area or raised rubber nosing on the subject staircase. This Court should therefore grant summary judgment on Counts I, II, III, IV, VIII, and IX as to the "actual notice" element of Plaintiff's negligence claims on Counts I, II, III, IV, VIII, and IX.

In order to demonstrate that the carrier had a duty with respect to a dangerous condition, "the carrier [must] have had actual or constructive notice of the risk-creating condition[.]" *Blanton v. Carnival Corp.*, No. 24-CV-23898-RAR, 2026 WL 943748, at *2 (S.D. Fla. Apr. 8, 2026) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). "Actual notice exists when the defendant knows about the dangerous condition." *Id.* (citing *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) ("Actual notice exists when the defendant knows about the dangerous condition.")).

*Branyon v. Carnival Corp.*, No. 24-CV-20576, 2025 WL 3165222, at *5 (S.D. Fla. Nov. 13, 2025) is instructive. There, a cruise ship passenger caught the toes of her foot on the end of a cable cover and fell. *Id.* at *1. The cruise line moved for summary judgment on the passenger's

direct liability claims arguing there was no evidence that the cruise line knew or should have known the cable cover was out of place. *Id*. at *4. The Court correctly distinguished *actual* notice from *constructive* notice. There was evidence of crewmembers in the vicinity of the area immediately prior to the passenger's fall, and a factfinder could have concluded those individuals *should have* noticed the cable cover was out of position and thus posed a tripping hazard – i.e. evidence of *constructive* notice. *Id*. at *5. But in *Branyon*, there was no evidence of *actual* notice of the defect. There was no evidence that a Carnival employee "actually saw the cable cover's placement." *Id.* Recognizing "a party cannot survive summary judgment by adducing *no evidence* for its claim," the Court granted summary judgment as to the actual notice aspect of two separate direct liability counts. *Id.* (citations omitted) (emphasis in original); *Atkinson v. Sam's E., LLC*, No. 20-CIV-82331-RAR, 2021 WL 3473210, at *2 (S.D. Fla. Aug. 6, 2021) (Ruiz, J.) (granting summary judgment where there is nothing in the record indicating that Defendant had actual notice of a dangerous condition); *Hernandez v. Sam's E., Inc.*, No. 20-CV-61648-RAR, 2021 WL 1647887, at *2 (S.D. Fla. Apr. 26, 2021) (Ruiz, J.) (granting summary judgment as plaintiffs cannot prove actual or constructive notice), *aff'd,* No. 21-13039, 2022 WL 15562302 (11th Cir. Oct. 28, 2022).

There is no evidence that Carnival had any actual notice of the alleged dangerous condition on the staircase here. Specifically, Plaintiff here alleges that the dangerous condition on the staircase was that the "anti-slip rubber strip on the stair nosing became raised" which was "compounded by liquid" near the area, causing Plaintiff's fall. (Amend. Complaint, ¶¶18-20). There is no evidence that anyone, including Plaintiff and any of Carnival's crew members observed a raised anti-slip rubber strip on the staircase or any liquid near the area, prior to Plaintiff's fall. Plaintiff has adduced no evidence that Carnival had any actual notice that the rubber nosing was

10

raised prior to Plaintiff's fall. There is further no evidence that Carnival had actual notice of any liquid in the area. SOMF ¶¶ 6, 7, and 17. Thus, no actual notice can exist as Carnival did not know about the allegedly dangerous condition here. *Blanton,* 2026 WL 943748, at *2 (Ruiz, J.) ("[I]t is clear no actual notice exists because Defendant did not know about the dangerous condition."). Therefore, Carnival is entitled to summary judgment in its favor on the element of actual notice in Counts I, II, III, IV, VIII, and IX.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter partial summary judgment in Carnival's favor for the aforementioned reasons, and for any further relief this Courts deems just and proper.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Ashley Genoese*
   W. Cooper Jarnagin
   Florida Bar No. 117767
   Michael J. Drahos
   Florida Bar No. 0617059
   Ashley Genoese
   Florida Bar No. 1019357
   michael.drahos@gray-robinson.com
   cooper.jarnagin@gray-robinson.com
   ashley.genoese@gray-robinson.com
   lilia.parker@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this

11

day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Ashley Genoese

**SERVICE LIST**
**CASE NO. 25-cv-22602-RUIZ/Louis**

Daniel W. Courtney, Esq.
Florida Bar No.: 0499781
Daniel W. Courtney, P.A.
10800 Biscayne Blvd, Suite 700
Miami, Florida 33161
Tel: (305) 579-0008
Fax: (305) 563-7055
dc@danielcourtneylaw.com

*Attorney for Plaintiff*

12