**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-22602-RUIZ/Louis**

NANNETTE DALFINO,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**DEFENDANT'S MOTION *IN LIMINE***

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, pursuant to ECF No. 29, hereby files this motion *in limine* to preclude certain evidence at trial, and in support thereof states as follows:

**I.      INTRODUCTION**

Cruise ship passenger Nannette Dalfino ("Plaintiff") alleges she fell while descending an interior carpeted staircase onboard the Carnival *Venezia*, on June 12, 2024. [ECF No. 11]. She alleges the staircase had a raised anti-slip rubber strip nosing, compounded by liquid on or near the stair, which caused her fall. *Id.* at ¶¶18-20. Within her nine-count Amended Complaint, she claims, *inter alia*, her fall was due to Carnival's direct negligence in failing to maintain, correct, and warn of the allegedly dangerous condition (I-III), Carnival's negligent training of personnel (IV), Carnival's vicarious liability in failing to maintain, correct, and warn of the allegedly dangerous condition (V-VII), negligent design (VIII), and general negligence (IX). *Id.*

Now, Carnival moves in *limine* to preclude Plaintiff from introducing evidence of, or making reference, to (1) corrective actions and subsequent remedial actions; (2) prior incidents

1

that are not substantially similar; and (3) evidence obtained or introduced after the discovery period has expired.

## II.     LEGAL STANDARD

A motion in *limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017)(granting motion in *limine* to exclude testimony that an unknown person alleged to be a crew member commented that the weather conditions were bad at the time of the incident). Motions in *limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Harrell v. Carnival Corp.*, No. 19-22667-CIV, 2021 WL 5759335, at *1 (S.D. Fla. Dec. 3, 2021) (*citing Mowbray v. Carnival Corp.*, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009)).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.' "); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." *Martin-Viana v. Royal Caribbean Cruises Ltd.*, No. 23-CV-21171, 2024 WL 3184715, at *2 (S.D. Fla. June 26, 2024); Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *United States v. Alfaro-Moncada*, 607 F.3d

720, 734 (11th Cir. 2010). Rule 403's "major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Martin-Viana*, 2024 WL 3184715, at *2 (*citing United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001)).

## III.     LEGAL ARGUMENT

### A.  <u>**Corrective Actions or Remedial Measures Should Be Precluded**</u>

Federal Rule of Evidence 407 provides: "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407; *see also Howard-Bunch v. Carnival Corp.*, No. 1:18-CV-21867-KMM, 2021 WL 6777588, at *7 (S.D. Fla. Oct. 21, 2021) (finding "Plaintiff may not introduce any evidence of subsequent remedial measures, such as pictures of caution tape, for the purposes of showing control or feasibility."); *Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481-UU, 2013 WL 5595938, at *2 (S.D. Fla. Aug. 12, 2013) (finding that installation of a black-and-yellow tape to the stair post-incident was a subsequent remedial measure subject to Rule 407 and inadmissible at trial).

In *Wilkinson v. Carnival Cruise Lines, Inc.*, the Eleventh Circuit found that the district court abused its discretion in allowing evidence of crew members' actions in the incident area into evidence at trial, as it constituted a subsequent remedial measure. 920 F.2d 1560, 1568 (11th Cir. 1991). In *Wilkinson*, the trial judge "correctly determined" that remedial measures taken to the allegedly dangerous condition "could not be admitted to prove negligence or culpable conduct in connection with the plaintiff's accident." *Wilkinson*, 920 F.2d at 1567. The Eleventh Circuit provided further reasoning for the proper inadmissibility of subsequent remedial measures:

Two distinct reasons are generally cited as the underlying grounds that traditionally have justified exclusion of evidence of subsequent remedial measures. The first is low relevance: "Although such conduct could be taken as acknowledgment that the prior condition was capable of being involved in a harmful event, it gave weak support to the inference of lack of due care." 2 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 407[2], at 407–10 (1990); *see* Lempert & Saltzburg, A Modern Approach to Evidence 187–89 (1977), *quoted in* S. Saltzburg & K. Redden, Federal Rules of Evidence Manual 266 (4th ed. 1986). The second, more generally accepted ground is the social policy of encouraging people to take safety precautions. *See* Fed.R.Evid. 407 advisory committee's note.

The underlying assumption for this second justification—that "a person will not take remedial measures because his corrective actions might be used in evidence at a future trial"—has been attacked as behaviorally "absurd". Weinstein & Berger, *supra,* at 407–12. Lempert & Saltzburg, however, resurrect the rationale by pointing out that, although rarely articulated explicitly by courts, the common sense explanation for the rule is simply "that people who take post-accident safety measures are doing exactly what good citizens should do. In these circumstances, so long as the relevance of the activity is not great, courts do not wish to sanction procedures which appear to punish praiseworthy behavior." Lempert & Saltzburg, *supra.*

<u>Whatever the precise justification for Rule 407, it is clear that the fact that there was no problem found during the post-accident inspection does not eliminate the quite reasonable probability that the door was taken out of service following the accident and inspection in an abundance of caution. If such was the case, Carnival should not be penalized for socially desirable, "good citizen" behavior.</u>

*Wilkinson*, 920 F.2d at 1569, fn.19 (emphasis added). During the district court trial in *Wilkinson*, upon testimony from a crew member that the door was in "normal operating condition" plaintiff sought to use the crew members' post-incident actions as impeachment evidence, and the district court allowed the evidence. *Id.* On appeal, the Eleventh Circuit disagreed and noted that the evidence should have remained inadmissible. *Id.* at 1568-59 ("[A]dmitting various witnesses' testimony to the fact of the doors being kept open likely gave rise to the precise inference of negligence that Rule 407 was designed to avoid."). The Eleventh Circuit specifically warned: "Care must be taken to insure that Rule 407's impeachment exception is not used merely "as subterfuge to prove negligence or culpability of the defendant." *Id.* at 1567-68.

4

It is anticipated that Plaintiff will attempt to introduce evidence, or make reference to, the presence of, investigation, and actions taken by Carnival's crew members regarding the staircase after Plaintiff's fall. Specifically, Plaintiff alleges that after she was treated in the Medical Center, upon returning to the staircase, she observed Carnival crew members in the area and remediating the staircase. Any post-incident remedial measures or correct actions cannot be used to show Carnival's negligence or culpable conduct in relation to Plaintiff's incident. *Wilkinson*, 920 F.2d at 1567. Similarly, Carnival's actions in fixing the subject area after Plaintiff had fallen should not be penalized for socially desirable "good citizen" behavior. *Id.* at 1569, fn.19. Thus, under the Rules of Evidence, any corrective action or subsequent remedial measures by Carnival or its crew members are inadmissible, and Plaintiff should be precluded from introducing any evidence of or referencing any same at trial.

**B. <u>Prior Incidents Not Substantially Similar to Plaintiff's Should Be Precluded</u>**

Because of the potential for undue prejudice, the Eleventh Circuit has determined that prior incident evidence is permitted only under the "substantial similarity" doctrine. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). "Evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The substantial similarity doctrine "requires that before evidence of prior incidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence caused the prior incidents." *Heath*, 126 F. 3d 1391, 1397, n. 12.

The Eleventh Circuit has set forth a three-prong test to determine if evidence of a prior incident is admissible: (1) the incidents must not be too remote in time; (2) the conditions must be substantially similar; and (3) there must be no prejudice or confusion of the issues that substantially outweighs the probative value of the evidence. *See Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984).

Plaintiff as the proponent of the evidence bears the burden of demonstrating substantial similarity. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015) (citing *Heath*, 126 F.3d at 1397 n.12). In *Sorrels v. NCL (Bahamas) Ltd.*, the Eleventh Circuit affirmed the district court's ruling excluding evidence of 22 other slip and fall incidents on teakwood flooring in public areas of a cruise ship over a four-year period. There, the plaintiff claimed to have slipped on the pool deck of a cruise ship that was wet from rain. *Sorrels*, 796 F.3d at 1279. The district court found at the summary judgment stage that none of the 22 prior incidents to be introduced could be considered. First, none occurred where the plaintiff fell. Second, the liquids the other passengers slipped on differed – most involved unknown wet substances – and many reports noted there was no indication of rainwater. Third, some of the other incidents involved other factors such as playing table tennis or falling while running around the pool. *Id.* at 1287. The Eleventh Circuit found the district court acted within its discretion, in part given that only three of the other passengers claimed to have slipped on rainwater, and those passengers were wearing high heels or worn flip flips. *Id.* at 1288.

In *Taiariol v. MSC Crociere S.A.*, the Eleventh Circuit also affirmed the district court's exclusion of prior incidents that were not substantially similar. 677 F.App'x 599, 601. There, plaintiff claimed she slipped on the metal nosing edge of a step while leaving a theater onboard a cruise ship. The district court excluded "similar incidents" because none involved falls caused by

6

the nosing. *Id.* The Eleventh Circuit affirmed, noting that while plaintiff produced incidents of passengers falling down steps, those incidents involved being distracted by a crewmember; tripping on electrical cords, camouflaged steps, or other objects; or slipping on marble stairs or steps not adequately marked. *Id.* Therefore, the prior incidents were not substantially similar to the *Taiariol* plaintiff's own incident.

Also in *Bahr v. NCL (Bahamas) Ltd.*, this Court considered six (6) prior incidents under the substantial similarity doctrine and ruled them all inadmissible. 2021 WL 4898218, at *4. There, plaintiff was walking down a gangway between the vessel and the dock when she slipped and fell near the end of the gangway, which she alleged was wet and slippery. The prior incidents involved (1) a passenger walking backwards while assisting someone in a wheelchair; (2) passengers slipping on entirely different gangways; (3) a fall that plaintiff failed to provide specific detail about; and (4) a slip while on a motor scooter. *Id.* at *5-7. Given the differences between the prior incidents, and plaintiff's failure to demonstrate similarity between these incidents and her own, the court found the little probative value of those incidents was outweighed by unfair prejudice to the defendant.

Plaintiff's Incident

Plaintiff was a passenger onboard the Carnival *Venezia* on June 12, 2024. ECF No. 11, ¶ 9. On that date, Plaintiff was descending an interior stairway from Deck 10 to Deck 9. *Id*. at ¶ 17. Plaintiff alleges that the rubber anti-slip rubber strip on the top step nosing became raised and created an unreasonably dangerous condition, which was compounded by liquid left on and/or near the stair, causing her to slip and fall. *Id*. at ¶¶ 18-23. Plaintiff alleges in this lawsuit that Carnival knew or should have known of about the condition of the "raised and protruding nosing of the staircase" being unreasonably dangerous. *Id*. at ¶¶ 29-31, 38.

<u>Prior Incidents Not Substantially Similar to Plaintiff's Should Be Precluded</u>

During discovery in this particular case, the Parties' prior incidents scope encompassed reported incidents concerning carpeted indoor staircases with a metal clip on the three (3) interior staircases (#60, #160, #270) for the *Vista*-class[1] of cruise ships, and the *Firenze* and *Venezia*, for a three-year period preceding Plaintiff's incident. *See* **Exhibit 1** (Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories). As to prior incidents in which someone had been injured on the subject staircase (Stair #270, Deck 9-10) onboard the *Venezia*, in any way: No prior incidents were reported to Carnival. As to prior incidents in which someone has been injured on any internal staircase due to a raised rubber anti-slip strip onboard the *Venezia* or its sister ship, the *Firenze*: No prior incidents were reported to Carnival. As to prior incidents in which someone has been injured on the subject staircase (Stair #270, Deck 9-10) due to a raised rubber anti-slip strip onboard *any* of the vessels searched: No prior incidents were reported to Carnival.

In sum, there is no evidence of *any* prior incidents in the area where Plaintiff fell (Stair #270, Deck 9-10) onboard the subject vessel. There is further no evidence of *any* prior incidents in which someone was injured due to a raised rubber anti-slip strip or metal nosing onboard the subject vessel, *Venezia*, or its sister vessel, *Firenze*. There is further no evidence of *any* prior incidents on the subject staircase (Stair #270, Deck 9-10) due to a raised rubber anti-slip strip or metal nosing on *any* of Carnival's vessels.

Otherwise, Plaintiff cannot provide evidence showing that any of the prior incidents listed in the Amended Complaint ("Complaint") are substantially similar to Plaintiff's own incident. The three (3) incidents referenced in Plaintiff's Complaint cannot be shown to be on the subject vessel, or class of vessels, or on the same or similar "interior staircase," or within the same relevant time-

---

[1] The *Vista*-class was comprised of three (3) different vessels within this time period – the *Vista*, *Horizon*, and *Panorama*.

period. ECF No. 11, ¶ 39. To the extent Plaintiff lacks any further detail on these prior incidents, they should be excluded as Plaintiff cannot meet his burden in proving substantial similarity. *Bahr*, 2021 WL 4898218, at *6 ("Unlike the plaintiff in *Bunch* who demonstrated that the two different decks in question had the same reflective surface creating the same optical illusion, [], in this case, Plaintiff fails to elaborate on how the gangways are similar in any aspect. Without further demonstration of how the gangways are similar in any material aspect, the Court finds that [the] reported incident is inadmissible.") (internal citations omitted). Therefore, this Court should enter an order precluding Plaintiff from referencing or introducing evidence of any prior incidents, as not substantially similar to Plaintiff's own incident, and unduly prejudicial to Defendant.

### C. Post-Discovery Evidence and Opinions Should Be Precluded

Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Cuomo v. Phoenix Emergency Med. of Broward, LLC*, No. 17-CV-61754, 2019 WL 13088249, at *1 (S.D. Fla. July 9, 2019). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *Id.*; *citing Dyett v. North Broward Hospital District*, NO. 03–60804–CIV, 2004 WL 5320630 * 2 (S.D. Fla., Jan. 21, 2004) (*quoting Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). "Plaintiffs bear the burden to show that the failure to timely disclose both was substantially justified and caused no harm to Defendants." *Cuomo*, 2019 WL 13088249, at *1; *Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, No. 8:06-CV-1790-T33AEP, 2009 WL 10671312, at *2 (M.D. Fla. Aug. 26, 2009).

To determine whether to exclude evidence pursuant to Rule 37, a court should consider: "(1) the explanation for the failure to disclose, (2) the importance of the evidence, (3) the need for time to prepare to meet the evidence, and (4) the possibility of a continuance." *Id.* (*citing Alimenta, Inc. v. Anheuser-Busch Companies, Inc.*, 803 F.3d 1160, 1162-63 (11th Cir. 1986) (considering "the failure to name the witness, the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance" in determining whether to exclude expert testimony)). In addition, courts may consider "prejudice to the opposing party, bad faith in failing to comply, and the interest in expeditious resolution of litigation." *Cuomo*, 2019 WL 13088249, at \*2*; Hako-Med*, 2009 WL 10671312, at \*3.

"Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Martin-Viana*, 733 F.Supp.3d at 1326 (*quoting De Fernandez v. Seaboard Marine, Ltd.*, No. 20-cv-25176, 2022 WL 2869730, at \*3 (S.D. Fla. July 21, 2022)); *Terry v. Carnival Corp.*, No. 24-cv-22067-ALTMAN, ECF No. 111, (S.D. Fla. Feb. 6, 2026), *reh'g denied*, ECF No. 122. (S.D. Fla. Apr. 27, 2026) (granting motion in limine precluding all of plaintiff's medical treatment and bills occurring and disclosed after the discovery cutoff for reasons on transcript filed at ECF No. 115-1).

It is anticipated that Plaintiff will attempt to introduce evidence or opinions related to medical care and treatment that were not disclosed in discovery, or that occurred after the discovery cutoff.[2] Pursuant to ECF No. 29, the discovery cutoff in this matter was July 1, 2026. Any evidence or reference to medical treatment that was not disclosed during the discovery of this matter should be precluded from trial. Further, to the extent Plaintiff intends to introduce same, any expert

---

[2] This Court previously denied Plaintiff's Motion for Extension of Expert and Trial Deadlines seeking to add two medical experts to her expert disclosures. ECF No. 34.

opinions that were not disclosed prior to the pre-trial deadlines should similarly be precluded from trial as prejudicial to Defendant. Defendant would be unfairly prejudiced if Plaintiff is allowed to introduce new discovery including medical care and treatment or expert opinions as it has been deprived of the meaningful opportunity to defend against such evidence or opinions. Therefore, this Court should enter an order precluding Plaintiff from referencing or introducing evidence of or reference to any materials or opinions not disclosed during the discovery period, including any medical care and treatment or newly formed expert opinions.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests the Court enter an order precluding evidence of or reference to (1) any subsequent actions or remedial measures by Carnival's crew members; (2) prior incidents not substantially similar to Plaintiff's own incident; and (3) medical care, treatment, or opinions not disclosed during the discovery period, and for any further relief this Court deems just and proper.

### Local Rule 7.1 Certification

I hereby certify counsel for the movant has conferred with Plaintiff's counsel regarding the relief sought, and Plaintiff opposes the motion.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com

Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 25-cv-22602-RUIZ/Louis**

Daniel W. Courtney, Esq.
Florida Bar No.: 0499781
Daniel W. Courtney, P.A.
10800 Biscayne Blvd, Suite 700
Miami, Florida 33161
Tel: (305) 579-0008
Fax: (305) 563-7055
*dc@danielcourtneylaw.com*

*Attorney for Plaintiff*

12