**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

Case No.: 1:25-cv-22602-RAR

At Law and in Admiralty

NANNETTE DALFINO,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.

_____/

### PLAINTIFF'S OMNIBUS MOTION IN LIMINE

NANNETTE DALFINO ("Plaintiff"), by and through her undersigned counsel, files her Omnibus Motion in Limine to to preclude testimony, evidence, argument, mention or insinuation of or relating to the following:

### BACKGROUND

This action arises from an incident aboard the Carnival *Venezia* on June 12, 2024. Plaintiff alleges that she was injured while traversing an interior stairway aboard the vessel because of an unreasonably dangerous condition for which Carnival was responsible. As a result of the incident, Plaintiff sustained injuries involving, among other areas, her right shoulder, left wrist, left hip, and back. Plaintiff underwent extensive medical treatment, including surgical intervention, and continues to experience pain, physical limitations, and related damages.

### PLAINTIFF'S MOTIONS IN LIMINE

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United*

1

10800 Biscayne Blvd · Suite 700 · Miami, FL 33161 · Tel: (305) 579-0008 · Fax: (305) 563-7055
www.danielcourtneylaw.com · dc@danielcourtneylaw.com

*States*, 469 U.S. 38, 40 n. 2 (1984).  Motions in limine are generally disfavored. *See United States v. Amor*, No. 14-20750-CR-Lenard/Goodman, 2015 WL 6438479, at *1 (S.D. Fla. Oct. 23, 2015).  Evidence is excluded upon a motion in limine "only if the evidence is clearly inadmissible for any purpose." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, *1 (M.D. Fla. June 18, 2007).

Motions in limine are proper vehicles to resolve evidentiary issues before trial. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Fed. R. Evid. 103(c)).  By addressing disputed evidentiary questions in a motion in limine, courts can "avoid the introduction of damaging evidence which may irretrievably affect [the] fairness of the trial."  *Fagundez v. Louisville Ladder, Inc.,* No. 10-23131, 2011 WL 6754081, *2 (S.D. Fla. Dec. 22, 2011).

"Federal law provides that relevant evidence is generally admissible. 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Luck v. Mount Airy No. 1, LLC*, No. 3:12CV887, 2014 WL 4792590, at *2 (M.D. Pa. Sept. 23, 2014) (citing Fed. R. Evid. 401; Fed. R. Evid. 402).

The Federal Rules of Evidence provide for the exclusion of evidence that is irrelevant, evidence that is unfairly prejudicial, and improper character evidence.  (See Fed. R. Evid. 402, 403, 404.)  Specifically, under Rule 402, irrelevant evidence is not admissible.  Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Rule 404 provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular

2

occasion the person acted in accordance with the character or trait."  Particularly, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Plaintiff seeks to exclude evidence of the following items under these rules.

### Motion in Limine 1: Exclude Any Reference that Recovery is Nontaxable

No mention or argument should be made with reference to the legal conclusion that any recovery herein is nontaxable.  *St. John's River Terminal Co. v. Vaden*, 190 So.2d 40 (Fla. 1st DCA 1966); *Good Samaritan Hospital v. Saylor*, 495 So.2d 782 (Fla. 4th DCA 1986); *Comfort Makers v. Kenton*, 515 So.2d 1384 (Fla. 5th DCA 1987); and *Atlantic Coast Line Railroad Co. v. Braz*, 182 So.2d 491 (Fla. 3rd DCA 1966), *reversed on other grounds*, 196 So2d 109 (Fla. 1967).

### Motion in Limine 2: Exclude Any Testimony or Argument That Includes Defense Counsel's Opinion Regarding Plaintiff and This Case

Defense counsel shall not be permitted to provide their own opinions as to the credibility of a witness, their personal knowledge of facts, nor allude to any matter that is not in evidence.  *Silva v. Nightingale*, 619 So.2d 4 (Fla. 5th DCA 1993), (holding such is fundamentally improper); *Muhammad v. Toys "R" Us. Inc.,* 668 So. 2d 254 (Fla. 1st DCA 1996); Florida Rule of Professional Conduct 4-3.4(e).  Florida Bar Rule 4-3.4(3).

### Motion in Limine 3: Exclude Any Testimony or Argument That Plaintiff is attempting to obtain A "Windfall" Or Is Seeking the "New American Dream" Or Has "Lawsuit Pain" Or Is "Litigious" Or Make a Similar Type Argument

Defense counsel should not be allowed to argue or infer that the Plaintiff is attempting to obtain a "windfall" or is seeking the "New American Dream" or has "lawsuit pain" or is "litigious" or make a similar type argument.  Nor should defense counsel be entitled to argue that plaintiffs always asks for more than the Plaintiff wants or expects. *Fowler v. N. Golding Corp.,* 582 So.2d 802 (Fla. 1st DCA 1991); *George v. Mann*, 622 So.2d 151 (Fla. 3rd DCA 1993); *Mein, Joest and Hayes v. Weiss*, 516 So.2d 299 (Fla. 1

3

DCA 1987); *Nazareth v. Sapp*, 459 So.2d 1176 (Fla. 5th DCA 1988); *Laberg v. Vancleave*, 534 So.2d 1176 (Fla. 5th DCA 1988).

**Motion in Limine 4: Exclude Any Argument or Reference that Claim is Made Up**

There is substantial evidence demonstrating that Plaintiff's claim was neither orchestrated nor made up.  Following the incident, Plaintiff sought and received extensive medical care for injuries to her right shoulder, left wrist, left hip, and back.  Her complaints were documented by multiple medical providers, supported by physical examinations and diagnostic imaging, and resulted in continued treatment.  When conservative care failed to resolve her symptoms, Plaintiff underwent surgical intervention, including an arthroscopy of her left wrist with synovectomy and debridement of a triangular fibrocartilage complex tear.  Plaintiff also continued to receive treatment for her remaining injuries and underwent further surgical treatment in May 2026.

The nature and extent of Plaintiff's treatment, the objective findings documented in her medical records, and the surgical findings made by her treating physicians are inconsistent with any suggestion that Plaintiff or her counsel fabricated, manufactured, exaggerated, or "orchestrated" this claim.

Defendant remains free to challenge the cause, nature, extent, or permanency of Plaintiff's injuries through competent evidence and properly disclosed expert testimony.  Defendant should not, however, be permitted to accuse Plaintiff or her counsel of manufacturing the case without admissible evidence supporting such a serious allegation.

Any suggestion that the claim was "made up," "orchestrated," "manufactured," "attorney-driven," or created for purposes of litigation would constitute improper and highly prejudicial character argument rather than evidence.  Such accusations would

10800 Biscayne Blvd · Suite 700 · Miami, FL 33161 · Tel: (305) 579-0008 · Fax: (305) 563-7055
www.danielcourtneylaw.com · dc@danielcourtneylaw.com

unfairly attack the integrity of Plaintiff and her counsel, confuse the issues, and invite the jury to decide the case based upon speculation and inflammatory rhetoric instead of the evidence presented at trial.

In *Schubert v. Allstate Insurance Co.*, 603 So. 2d 554 (Fla. 5th DCA 1992), review dismissed, 616 So. 2d 1164 (Fla. 1993), the court ordered a new trial after defense counsel improperly suggested that the plaintiffs' claim had been orchestrated by their attorneys and medical providers.  The court recognized that unsupported accusations of fabrication and collusion are improper and highly prejudicial.

Such argument should likewise be excluded under Federal Rules of Evidence 401, 402, 403, and 404.

**Motion in Limine 5: To Exclude Improper Reference to Plaintiff's Employment**

Plaintiff anticipates that Defendant may emphasize that she works as a paralegal for a personal-injury attorney in New York to suggest that she knew how to develop, exaggerate, or manufacture a personal-injury claim.  Plaintiff's occupation has no bearing on whether a dangerous condition existed aboard Defendant's vessel, whether Defendant had notice of that condition, or whether the incident caused the injuries and medical treatment at issue.  Any argument that Plaintiff's employment gave her special knowledge or an ability to manipulate this claim would be speculative, inflammatory, and unfairly prejudicial.

Accordingly, pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant should be prohibited from referring to the nature of the law firm's practice, questioning Plaintiff about her familiarity with personal-injury claims, or suggesting that her employment enabled her to orchestrate, exaggerate, or increase the value of this case. Defendant may identify Plaintiff's general occupation only to the limited extent necessary to address a properly asserted claim for lost wages or earning capacity.

5

10800 Biscayne Blvd · Suite 700 · Miami, FL 33161 · Tel: (305) 579-0008 · Fax: (305) 563-7055
www.danielcourtneylaw.com · dc@danielcourtneylaw.com

**Motion in Limine 6: Exclude Any Testimony, Argument, or Reference of Any lay Witness from Giving Expert Testimony**

Defendant should be prohibited from eliciting testimony from any lay witness regarding the medical cause, diagnosis, nature, extent, permanency, or prognosis of Plaintiff's injuries.  Although a lay witness may testify about matters personally observed, such as Plaintiff's appearance, movements, complaints, or activities, a lay witness may not interpret medical records, diagnostic imaging, operative findings, or other medical evidence requiring specialized knowledge.

Plaintiff alleges that she sustained injuries to her right shoulder, left wrist, left hip, and back as a result of the June 12, 2024 incident aboard the Carnival *Venezia*. She subsequently underwent extensive medical treatment, diagnostic testing, and surgical intervention.  Determining whether the subject incident caused or aggravated those injuries, whether Plaintiff's treatment and surgeries were medically necessary, whether her conditions are permanent, and whether she will require future care involves medical questions beyond the knowledge and experience of an ordinary layperson.

Accordingly, Carnival's employees, corporate representatives, claims personnel, investigators, surveillance personnel, and other non-medical witnesses should not be permitted to offer opinions that Plaintiff was not injured, that her injuries were caused by a prior condition or unrelated event, that her complaints are inconsistent with her diagnostic imaging, or that her treatment and surgeries were unnecessary or unrelated to the incident.  Such witnesses should likewise be prohibited from interpreting the significance of degenerative findings, discussing whether Plaintiff reached maximum medical improvement, or expressing opinions concerning the reasonableness of her treatment, medical expenses, or anticipated future care.

Federal Rule of Evidence 701 limits lay opinion testimony to opinions rationally

6

based upon the witness's own perceptions and not based upon scientific, technical, or other specialized knowledge within the scope of Rule 702. Medical causation, diagnosis, prognosis, and the necessity of treatment plainly require specialized medical training and therefore must be established, if at all, through testimony from a properly qualified and timely disclosed medical expert.

This should be a separate motion addressing the **prior 2013 accident and lawsuit**, while allowing only medically relevant evidence tied to the same body parts:

**Motion in Limine 7: To Limit Evidence of Plaintiff's Prior Accident and Lawsuit**

Plaintiff was involved in a motor-vehicle accident on May 13, 2013, more than eleven years before the subject incident, and pursued a lawsuit for injuries to her left shoulder, neck, and back. Defendant should be prohibited from referring to the existence, caption, index number, defendants, settlement, or other litigation details of that action merely to portray Plaintiff as litigious or suggest that her present claim is fabricated or exaggerated. The fact that Plaintiff previously pursued lawful compensation for unrelated injuries does not establish that she was not injured aboard Defendant's vessel and would create an unfair risk of prejudice and jury confusion.

Defendant may introduce competent evidence concerning a specific prior medical condition only upon first establishing, outside the jury's presence that the condition is substantially similar to an injury claimed in this action and is relevant to medical causation, aggravation, or apportionment. Any permitted inquiry should be limited to the prior injury, symptoms, treatment, and condition before the June 12, 2024 incident and not to the existence or value of the prior lawsuit. Accordingly, pursuant to Federal Rules of Evidence 401, 402, 403, and 404, Defendant should be prohibited from using the prior action as character or propensity evidence or suggesting that Plaintiff is a frequent claimant.

10800 Biscayne Blvd · Suite 700 · Miami, FL 33161 · Tel: (305) 579-0008 · Fax: (305) 563-7055
www.danielcourtneylaw.com · dc@danielcourtneylaw.com

**Motion in Limine 8: To Exclude Evidence Regarding Plaintiff's Time Spent in The Casino**

Defendant should be prohibited from introducing evidence or argument concerning the amount of time Plaintiff spent in the casino during the subject cruise. Plaintiff's participation in a lawful onboard activity does not establish that she failed to exercise reasonable care, caused the dangerous condition, or was not injured in the subject incident.  Nor does the amount of time she spent in the casino bear upon the nature, cause, or extent of her injuries and damages.

Any emphasis on Plaintiff's casino activity would serve only to portray her negatively, invite speculation concerning gambling, and distract the jury from the relevant liability and damages evidence.  Accordingly, pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant should be prohibited from referencing Plaintiff's time in the casino unless it first establishes, outside the jury's presence, a specific and admissible connection to a disputed issue in this action.

**Motion in Limine 9: To Exclude History of Postpartum Depression and Depression Medication**

Defendant should be prohibited from introducing evidence or argument concerning Plaintiff's diagnosis of postpartum depression and use of depression medication following the birth of her twin daughters more than twenty years ago.  This remote and unrelated condition has no connection to the physical injuries, treatment, or damages claimed as a result of the June 12, 2024 incident and does not make any material fact in this case more or less probable.

Reference to this private mental-health history would create an unfair risk of prejudice, confuse the issues, and improperly suggest that Plaintiff's current physical complaints or damages should be discounted because she experienced postpartum

10800 Biscayne Blvd · Suite 700 · Miami, FL 33161 · Tel: (305) 579-0008 · Fax: (305) 563-7055
www.danielcourtneylaw.com · dc@danielcourtneylaw.com

depression decades earlier.  Accordingly, pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant should be prohibited from referring to the diagnosis, medication, or related treatment without first establishing outside the jury's presence that the evidence has a specific and admissible connection to a disputed claim.

## CONCLUSION

WHEREFORE the Plaintiff, Nannette Dalfino, respectfully requests that this Court enter an order granting the Plaintiff's Omnibus Motion in Limine.

## LOCAL RULE 7.1 CERTIFICATE

I hereby certify counsel for the movant has conferred with Defendant's counsel regarding the relief sought.  Defendant does not object to Motions in Limine Nos. 1 and 3; and opposes Motions in Limine Nos. 2,4,5,6,7,8 and 9.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of records or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/EFC or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

DANIEL W. COURTNEY, P.A.
10800 Biscayne Blvd
Suite 700
Miami, Florida, 33161
Telephone: (305) 579-0008
Facsimile: (305) 563-7055

By:    s/ Daniel W. Courtney
       Daniel W. Courtney, Esq.
       Florida Bar No: 0499781
       dc@danielcourtneylaw.com

9

## SERVICE LIST

| | |
|---|---|
| **DANIEL W. COURTNEY**<br>Florida Bar No: 0499781<br>dc@danielcourtneylaw.com<br>Maria.wright@danielcourtneylaw.com<br>tifanny@danielcourtneylaw.com<br>Daniel W. Courtney, P.A.<br>10800 Biscayne Blvd, Suite 700<br>Miami, Florida, 33161<br>Telephone: (305) 579-0008<br>Facsimile: (305) 563-7055<br>*Attorney for Plaintiff* | **MICHAEL J. DRAHOS**<br>Florida Bar No. 0617059<br>Michael.Drahos@GrayRobinson.com<br>**W. COOPER JARNAGIN**<br>Florida Bar No. 117767<br>Cooper.Jarnagin@GrayRobinson.com<br>**ASHLEY GENOESE**<br>Florida Bar No. 1019357<br>Ashley.Genoese@GrayRobinson.com<br>GrayRobinson, P.A.<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, Florida 33401<br>Telephone: (561) 268-5727<br>Facsimile: (561) 268-5745<br>*Attorneys for Defendant* |

10